KAUFMAN & KAHN, LLP
Mark S. Kaufman
 (Email: Kaufman@KaufmanKahn.com)
10 Grand Central
155 East 44th Street, 19th Floor
New York, New York 10017
Tel.: (212) 293-5556

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: Jan. 4, 2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------ x

RABO AGRIFINANCE LLC,

          Plaintiff,

-- against --

BANNATYNE, ET AL.,

          Defendants.

------------------------------------------ x

Case No. 20-cv- 6476 (PKC)

ORDER TO STAY
ON CONSENT

      The undersigned, being all of the attorneys of record for the parties in the above-captioned case, hereby acknowledge the following:

      WHEREAS, Defendants assert that they retained Stewart Title of California, Inc. ("Stewart") to serve as escrow agent for the refinancing of their former mortgages with Plaintiff Rabo Agrifinance LLC ("Rabo"); and

      WHEREAS, attorneys for Rabo have provided to attorneys for Defendants copies of emails from Rabo to Stewart indicating that prior to Defendants' refinancing such mortgages, Rabo had provided Stewart with notice of the amounts that Rabo alleges in the complaint in this case are owed to Rabo pursuant to certain derivative swap agreements, as the result of such refinancing, allegedly based on early termination of Defendants' mortgages with Rabo; and

WHEREAS, Defendants through their counsel assert that before receiving copies of such emails from Plaintiff's counsel, Defendants were not informed by Stewart that Stewart had received such notice, and that Defendants did not in fact receive notice of amounts allegedly owing under the swap agreements before refinancing the Rabo mortgages; and

WHEREAS, Defendants through their counsel assert that if Stewart had provided such information, Defendants would not have refinanced their mortgages; and

WHEREAS, if Defendants had not refinanced their mortgages before the end of the loan period set forth in such mortgages, Rabo would not have had grounds to bring this litigation based on amounts alleged to be due based on the early termination of the swap agreements; and

WHEREAS, Stewart's alleged failure to provide Defendants with information Stewart had received that was material to the proposed refinancing appears to constitute, among other potential causes of action, a breach of Stewart's fiduciary duty as agent to its principals, the Defendants;

NOW, THEREFORE, the undersigned stipulate to the following:

1. The proceedings of this litigation, including but not limited to the submission of an attorneys' planning report and proposed scheduling order, discovery, any dispositive motions, and trial are stayed for six months from the date this Stipulation is fully executed and so ordered by the Court (the "Effective Date");

2. Within two months from the Effective Date, Defendants will commence a lawsuit against Stewart for a declaratory judgment that Stewart is liable for any amounts that Defendants owe to Rabo as alleged in this litigation; and

3. Plaintiffs and Defendants may submit to the Court further stipulations to stay these proceedings for additional four- (4-) month periods, provided that Plaintiffs have timely

commenced and are engaging in good faith prosecution of such lawsuit against Stewart and both parties agree to such additional stays; and

4. Nothing herein shall be deemed a waiver of any of the claims or defenses that have been or could have been asserted in this case, all of which the respective parties hereby expressly reserve; and

5. Defendants shall file a brief written status report of no more than four (4) pages with the Court no less frequently than once every calendar quarter informing the Court and the Plaintiff as to the current status of the litigation against Stewart and of any material rulings in the case; and

6. Notwithstanding the foregoing, either party may file a motion at any time after the Effective Date asking the Court to terminate the stay of these proceedings and, in any such motion, the moving party shall set forth the reasons or cause for why it believes such stay should be terminated. The Court, after notice and opportunity to respond, shall then determine whether the stay should terminate or remain in effect; and

7. Electronic signatures hereto shall be deemed originals and this stipulation may be filed with the Court for its approval without further notice.

Dated: December 23, 2020

KAUFMAN & KAHN, LLP

_/s/ Mark S. Kaufman_
Mark S. Kaufman, Esq.
*Attorneys for Defendants*
10 Grand Central
155 East 44th Street, 19th Floor
New York, New York 10017
O: (212) 293-5556
C: (917) 453-7807
Email: kaufman@kaufmankahn.com

Dated: December 23, 2020

LAW OFFICES OF DOUGLAS T. TABACHNIK, P.C.

/s/ Douglas T. Tabachnik (By MSK)
Douglas T. Tabachnik
*Co-counsel for Plaintiff RABO AGRIFINANCE LLC*
63 Main Street, Suite C
Freehold, NJ 07728
O: (732) 780-2760
Email: dtabachnik@dttlaw.com

Dated: December 23, 2020

RAY QUINNEY & NEBEKER P.C.

By: /s/ Michael R. Johnson (by MSK)
Michael R. Johnson
James Sorenson
*Co-counsel for Plaintiff RABO AGRIFINANCE LLC*
36 South State Street, Ste. 1400
Salt Lake City, UT 84111
O: (801) 323-3363
Email: mjohnson@rqn.com,
jsorenson@rqn.com

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

Dated: January 4, 2021
New York, New York